IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WONDIYRAD KABEDE,

    Petitioner,

v.

CALIFORNIA BOARD OF PRISON TERMS, ALL STATE COURTS, W. KNIPP, Warden,

    Respondent.

No. C 13-3746 TEH (PR)

ORDER TO SHOW CAUSE

Doc. no. 8

Petitioner Wondiyrad Kabede, an inmate at Mule Creek State Prison filed a _pro se_ petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the February 16, 2012 denial of parole by the California Board of Parole Hearings (Board).[1] Petitioner also challenges the 1989 judgment of conviction from San Francisco County Superior Court on the ground of ineffective assistance of counsel. Petitioner seeks leave to proceed _in forma pauperis_. Doc. #8.

I

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order

---

[1] The Board of Parole Hearings was formerly called the Board of Prison Terms.

directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).

## II

Petitioner asserts the following three claims:
(1) the Board and California courts denied Petitioner due process by denying him parole; (2) the Board's denial of parole was unconstitutional because Petitioner has served the maximum sentence provided in his plea agreement; (3) trial counsel was ineffective because he improperly advised Petitioner to accept a plea agreement that was disadvantageous to him.

Petitioner's two claims regarding denial of parole, which, in essence, assert that insufficient evidence showed that he would be a danger to society if he were released, are not cognizable.  For purposes of federal habeas review, the federal constitutional right to due process entitles a California prisoner only to "minimal"

2

1 procedural protections in connection with a parole suitability
2 determination.  <u>Swarthout v Cooke</u>, 131 S.Ct. 859, 863 (2011).  The
3 procedural protections are limited to an opportunity to be heard and
4 a statement of the reasons why parole was denied.  <u>Id.</u> at 862.
5 Petitioner does not dispute that he received an opportunity to be
6 heard and a statement of the reasons parole was denied.  A review of
7 the transcript of Petitioner's February 16, 2012 hearing before the
8 Board shows that he received the procedural protections to which he
9 is entitled.  <u>See</u> Dkt. #1, Ex. 2.  The constitution does not require
10 more.  <u>Swarthout</u>, 131 S.Ct. at 863.  The Court explained that no
11 Supreme Court case "supports converting California's 'some evidence'
12 rule into a substantive federal requirement."  <u>Id.</u>  It is simply
13 irrelevant in federal habeas review "whether California's 'some
14 evidence' rule of judicial review (a procedure beyond what the
15 Constitution demands) was correctly applied."  <u>Id.</u> at 863.  As the
16 Supreme Court has determined that due process does not require that
17 there be any amount of evidence to support the parole denial,
18 Petitioner's due process claims fail.

19       Because Petitioner's third claim for ineffective
20 assistance of counsel challenges a 1989 conviction, it is doubtful
21 that the claim is timely.  However, in the interests of justice and
22 liberally construed, this claim appears to be cognizable and merits
23 an answer from Respondent.  <u>See</u> <u>Zichko v. Idaho</u>, 247 F.3d 1015, 1020
24 (9th Cir. 2001) (federal courts must construe <u>pro se</u> petitions for
25 writs of habeas corpus liberally).

**3**

### III

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed <u>in forma pauperis</u> (Doc. #8) is GRANTED.

2. Petitioner's claims regarding the denial of parole against the Board and the California courts are not cognizable and are dismissed.

3. Petitioner's ineffective assistance of counsel claim is cognizable and is served on Respondent Warden Knipp.

4. The Clerk shall serve by certified mail a copy of this Order and the Petition, and all attachments thereto (i.e., Doc. #1), on Respondent Knipp and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

4. Respondent shall file with the Court and serve on Petitioner, within sixty-three (63) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the Answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty-five (35) days of his receipt of the Answer.

5. In lieu of an Answer, Respondent may file a Motion to

4

Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within thirty-five (35) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fourteen (14) days of receipt of any Opposition.

6.   Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED   *12/18/2013*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.13\Kabede 13-3746.OSC.wpd