IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WONDIYRAD KABEDE,   No. C 13-3746 TEH (PR)

    Petitioner,   ORDER OF DISMISSAL

    v.

W. KNIPP, Warden,

    Respondent.

_____/

    Petitioner Wondiyrad Kabede, an inmate at Mule Creek State Prison, has filed this pro se petition challenging his 1989 judgment of conviction from San Francisco County Superior Court. This matter is now before the court for consideration of Respondent's motion to dismiss the petition as untimely, and Petitioner's motion to grant the petition pursuant to Federal Rule of Civil Procedure 60(b)(6)[1]. For the reasons set forth below, the Court GRANTS Respondent's motion to dismiss (Docket No. 18) and denies Petitioner's motion to grant the petition (Docket No. 21).

I

    On July 10, 1989, Petitioner pled guilty in San Francisco County Superior Court to second degree murder, enhanced use of a deadly weapon, and assault with a deadly weapon, enhanced for great bodily injury. Docket No. 1-1 at 40-42; see Cal. Penal Code §§ 187,

---

[1] Although Petitioner cites Federal Rule of Civil Procedure 60(b)(1) in the title of his motion, the body of his motion seeks relief under Rule 60(b)(6).

245(a)(1), 12022(b), 12022.7. On August 9, 1989, the trial court sentenced Petitioner to sixteen years to life in prison. Id. On August 13, 2013, over 24 years after his conviction, Petitioner filed this instant habeas petition challenging his 1989 conviction on the ground of ineffective assistance of counsel.[2]

      The record before the Court is unclear as to whether Petitioner has previously challenged his 1989 conviction in state court. Petitioner claims that he filed a state habeas petition in the 1990s challenging his conviction that was denied, Docket No. 1 at 3 and Docket No. 18-1 at 10, but does not provide the Court with a copy of the petition. The Court is therefore unable to confirm Petitioner's claim and unable to determine the specific claims in that petition. In the record before the Court, there is only evidence of two state habeas petitions. The first state habeas petition was filed in 2008, and the second was filed in 2012. Both petitions unsuccessfully challenged the denial of parole as a violation of Petitioner's plea bargain through the state post-conviction review process. Docket No. 18, Exs. A-D and Docket No. 1-1 at 1-45.

      The record is also unclear as to whether Petitioner ever filed any federal habeas petitions challenging his conviction. Petitioner does not allege that he has done so. Instead he claims that he was prevented from filing due to "a very extraordinary thing

---

[2]Petitioner also challenged the February 16, 2012 denial of parole by the California Board of Parole Hearings but this claim was dismissed as not cognizable. Docket No. 10, Order to Show Cause.

2

[that] was done to [his] physical body" justifying equitable tolling.  Docket No. 19 at 1.

In reviewing the Court's records, the Court has determined that Petitioner has filed thirteen prior federal proceedings, starting in 1991.[3] Of these thirteen prior proceedings, it appears that only three were habeas petitions.  The Court is unable to review the pleadings in the cases prior to 2005, but can review the docket.  The first petition, filed in 1991, <u>Kabede v. Barrow, et al</u>, 91-cv-01224 FMS, was filed as a civil rights case but dismissed for

---

[3] The thirteen prior federal proceedings, including type of case and general disposition, are as follows:  <u>Kabede v. Sneto</u>, 91-cv-00391 FMS (civil rights case dismissed by judge); <u>Kabede v. Folsom State Prison, et al.</u>, 91-cv-01085 FMS (civil rights case; summary judgment granted in favor of defendants); <u>Kabede v. Barrow, et al.</u>, 91-cv-01224 FMS (civil rights case; dismissed for failure to exhaust and without prejudice to refiling a habeas petition); <u>Kabede v. Marshall</u>, 93-mc-00094 BAC (type of case, subject matter of case, and general disposition unclear from docket); <u>Kabede v. Marshall</u>, 93-cv-01933 FMS (habeas petition; dismissed summarily and Pre-Filing order entered); <u>Kabede v. State of Cal. Bd. of Prison Term</u>, 05-mc-80183 (civil rights case incorrectly opened based on letter that should have been filed in <u>Kabede v. State of Cal. Bd. of Prison Term</u>, 05-cv-3693 MJJ); <u>Kabede v. State of Cal. Bd. of Prison Term</u>, 05-cv-3693 MJJ) (civil rights case challenging discipline received for violating prison rules and seeking immediate release from custody via deportation to another country; dismissed without prejudice to re-filing a habeas petition); <u>Kabede v. Pelican Bay State Prison, et al.</u>, 07-cv-01224 MJJ (civil rights case seeking single-cell housing; dismissed without prejudice to filing amended complaint); <u>Kabede v. Horel</u>, 07-cv-03656 TEH (civil rights case regarding housing and dental care; resolved through mediation); <u>Kabede v. Pelican Bay State Prison</u>, 09-cv-00323 TEH (civil rights case incorrectly opened based on letter that should have been filed in <u>Kabede v. Horel</u>, 07-cv-03656 TEH); <u>Kabede v. Jacquez</u>, 09-cv-02092 TEH (habeas petition challenging March 6, 2008 denial of parole); <u>In re Kabede</u>, 10-cv-02584 TEH (civil rights case challenging the denial of parole, seeking deportation, and requesting single cell housing; dismissed for failure to file complaint and for failure to pay filing fee or file <u>in forma pauperis</u> application); and <u>In re Kabede</u>, 13-cv-03763 WHO (civil rights case seeking single cell housing; closed for failure to file complaint and for failure to pay filing fee or file <u>in forma pauperis</u> application).

3

failure to exhaust and without prejudice to refiling a habeas petition.  The pleadings are unavailable to the Court so it is unclear if Petitioner challenged his conviction in this petition.  The second petition, Kabede v. Marshall, 93-cv-01933 FMS, was dismissed summarily and a Pre-Filing order entered.  Again, it is unclear whether this petition challenged his conviction.  Finally, the most recent prior habeas petition, Kabede v. Jacquez, 09-cv-02092 TEH, challenged only the March 6, 2008 denial of parole and did not challenge his conviction.

## II

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law and imposed for the first time limitations on the filing of federal habeas petitions challenging state court judgments.  28 U.S.C. § 2244.  Pursuant to AEDPA, courts are required to dismiss second or successive federal habeas petitions except in certain limited circumstances.  Id. at § 2244(b).  In addition, AEDPA requires that all federal habeas petitions must be filed within one year of the date on which the state court judgment became final after the conclusion of direct review or the time passed for seeking direct review.  Id. at § 2244(d)(1)(A).  For prisoners whose convictions were final prior to the passage of AEDPA, as is the case with Petitioner, AEDPA required them to file any remaining federal petition for which they were otherwise eligible within one year of AEDPA's effective date, that is, by April 24, 1997.  Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003); Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.

4

2001).

If Petitioner's first two prior federal habeas petitions, <u>Kabede v. Barrow, et al</u>, 91-cv-01224 FMS, and <u>Kabede v. Marshall</u>, 93-cv-01933 FMS, challenged his 1989 conviction, this instant petition is successive and must be dismissed.  28 U.S.C. § 2244(b).  If Petitioner seeks to bring a second or successive petition, he must first obtain authorization from the Ninth Circuit Court of Appeals.  <u>Id.</u> at § 2244(b)(3).  Since Petitioner does not claim that he has previously challenged his 1989 conviction, the Court examines whether the instant petition is timely filed.

This instant petition was filed on August 13, 2013, over 16 years after the April 24, 1997 deadline AEDPA established for filing federal petitions for relief from convictions that were final prior to AEDPA's passage.  This petition is therefore untimely unless Petitioner is entitled to delayed commencement of the tolling period or equitable tolling or if failure to hear the merits of a petition would be a miscarriage of justice.

Delayed commencement of the tolling period is appropriate in the following circumstances: (1) an unconstitutional state action prevented a petitioner from timely filing, 28 U.S.C. § 2244(d)(1)(B); or (2) if the constitutional right asserted was newly recognized by the Supreme Court and made retroactive to cases on collateral review, <u>id.</u> at § 2244(d)(1)(C); or (3) the factual predicate of the claim could not have been discovered through the exercise of due diligence, <u>id.</u> at § 2244(d)(1)(D); or (4) a properly filed application for state post-conviction or other collateral

5

review was pending, id. at § 2244(d)(2).  Equitable tolling is available if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Petitioner bears the burden of alleging facts that would give rise to tolling.  Pace, 544 U.S. at 418.  In addition, a showing of actual innocence can, in certain circumstances, allow a court to hear an otherwise untimely claim.  See McQuiggin v. Perkins, 133 S. Ct. 1924, 1931-32 (2013) (holding that miscarriage of justice (actual innocence) showing applies to claims filed after the AEDPA statute of limitations has run, as well as to successive, abusive and procedurally defaulted claims).

In his traverse, Petitioner appears to claim that his petition should be considered timely for two reasons.  First, Petitioner claims that "a very extraordinary thing was done to [his] physical body" which prevented him from filing in a timely fashion.  Docket No. 19 at 1.  Second, Petitioner claims that he is innocent of the crimes for which he was convicted.  Id. at 2.  Neither of these claims entitles Petitioner to a delayed commencement of the tolling period.[4]  The Court therefore examines whether Petitioner's

---

[4]Since Petitioner claims, among other things, that state actors and an unnamed rich man were the cause of the extraordinary thing done to his physical body, Docket No. 19 at 3, Petitioner could arguably be entitled to delayed commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(B).  However, the delayed start of the limitations period is available only if the impediment prevented the prisoner from filing his claims in any form in any court.  Ramirez v. Yates, 571 F.3d 993, 1000-01 (9th Cir. 2009) (refusing to allow delayed commencement under 28 U.S.C. § 2244(d)(1)(B) when prisoner had filed three state petitions, a state discovery motion, and a federal motion during the relevant

first claim entitles him to equitable tolling and whether his second claim establishes that it would be a miscarriage of justice if his claims were not heard.

Petitioner first claims that a very extraordinary thing was done to his body which entitles him to equitable tolling. Docket No. 19 at 1. Petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. <u>Miranda v. Castro</u>, 292 F.3d 1063, 1065 (9th Cir. 2002). He must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances ma[de] it impossible to file a petition on time." <u>Ramirez</u>, 571 F.3d 993, 997 (9th Cir. 2009) (alteration in original) (internal quotation marks and citations omitted). Petitioner does not explain what was done to his physical body. Nor does he explain how this "very extraordinary thing" prevented him from timely filing a federal habeas petition challenging his conviction, but not from filing other federal lawsuits. Petitioner's vague assertion does not entitle him to equitable tolling. <u>See, e.g.</u>, <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (petitioner must show that extraordinary circumstances were the cause of his untimeliness).

Petitioner also claims that he is innocent and that he was coerced into pleading guilty. A federal court may hear the merits of successive, abusive, procedurally defaulted, or untimely

---

time). Petitioner has ably and repeatedly accessed the courts to protect his rights prior to 2013, <u>see</u> <u>infra</u> fn. 3. Petitioner's vague claim that state actors caused harm to his body does not entitle him to a delayed commencement of the limitations period.

7

1  claims if the failure to hear the claims would constitute a
2  "miscarriage of justice."  See McQuiggin, 133 S. Ct. at 1931-32; Lee
3  v. Lampert, 653 F.3d 929, 931 (9th Cir. 2011) (en banc).  However,
4  the Supreme Court limits the "miscarriage of justice" exception to
5  habeas petitioners who can present "evidence of innocence so strong
6  that a court cannot have confidence in the outcome of the trial."
7  Schlup v. Delo, 513 U.S. 298, 316 (1995); see Johnson v. Knowles,
8  541 F.3d 933, 936-38 (9th Cir. 2008) ("the miscarriage of justice
9  exception is limited to those extraordinary cases where the
10 petitioner asserts his innocence and establishes that the court
11 cannot have confidence in the contrary finding of guilt.").  A
12 petitioner must support his claims "with new reliable evidence —
13 whether it be exculpatory scientific evidence, trustworthy
14 eyewitness accounts, or critical physical evidence — that was not
15 presented at trial."  Schlup, 513 U.S. at 324.
16        Petitioner claims that the following proves his innocence:
17 the blood alcohol test was tampered with, Docket No. 19 at 7; he has
18 no memory of the time period during which the crime took place due
19 to blacking out and intoxication, Docket No. 21 at 1; the palm print
20 on the gun is not his, id.; and it is implausible that he would have
21 touched the gun at a crime scene, id.  None of these unsubstantiated
22 claims constitute new and reliable proof of Petitioner's innocence.
23 Schlup, 513 U.S. at 324.  The Court therefore may not overlook the
24 untimeliness of the instant petition and is barred from reviewing
25 this petition on its merits.
26 //
27
28

8

### III

Petitioner has also filed a motion requesting that the Court grant the instant petition pursuant to Federal Rule of Civil Procedure 60(b)(6). It appears that Petitioner is seeking to set aside his 1989 conviction via a Rule 60(b)(6) motion. Rule 60(b)(6) authorizes a court to set aside a final judgment, order, or proceeding for any reason that justifies relief. Fed. R. Civ. Proc. 60(b)(6). Rule 60(b)(6) applies only to federal proceedings and a Rule 60(b)(6) motion should be filed in the same proceeding that resulted in the judgment being challenged. Finally, assuming that Petitioner seeks to set aside judgment in the instant case, this Rule 60(b)(6) motion is premature since final judgment has not yet been entered in this case. See Fed. R. Civ. Proc. 60(c)(1) (Rule 60(b) motion must be made a reasonable time after the entry of the judgment or order). Petitioner's motion to grant the petition (Docket No. 21) is DENIED.

### IV

For the foregoing reasons and for good cause shown, Respondent's motion to dismiss the petition as untimely (Docket No. 18) is GRANTED and Petitioner's motion to grant the petition (Docket No. 21) is DENIED. Petitioner has failed to make a substantial showing that a reasonable jurist would find this Court's denial of his claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

//

The Clerk is directed to enter Judgment in favor of Respondent and against Petitioner, terminate any pending motions as moot, and close the file.

IT IS SO ORDERED.

DATED  *02/02/2015*

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.13\Kabede 13-3746 Deny.wpd

10